# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENE GUADALUPE TREVINO,<br><br>                              Plaintiff,<br>vs.<br><br>MATTHEW CATE, SECRETARY, et al.,<br><br>                             Defendant. | CASE NO. 11-CV-01706-H (PCL)<br><br>ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND ADOPTING THE REPORT AND RECOMMENDATION |

On July 29, 2011, Petitioner Rene Guadalupe Trevino, a state prisoner proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C.§ 2254 challenging a parole denial by the California Board of Parole Hearings ("Board"). (Doc. No. 1.) Respondent filed a Motion to Dismiss on September, 26, 2011. (Doc. No. 4.) Petitioner filed a Response in Opposition to the Motion to Dismiss ("Opposition") on October 19, 2011. (Doc. No. 6.) On December 16, 2011, the magistrate judge issued a Report and Recommendation that the Court grant the Motion to Dismiss. (Doc. No. 7.) Petitioner filed an Objection to the Report and Recommendation on December 29, 2011. (Doc. No. 8.)

The Court, pursuant to its discretion under Local Rule 7.1(d)(1), determines this matter is appropriate for resolution without oral argument and submits the matter on the papers. For the reasons below, the Court denies the petition and adopts the Report and Recommendation.

**Background**

Petitioner challenges the Board's denial of his parole. (Doc. No. 1.) In 1997, he was convicted of conspiracy to commit second degree murder and sentenced to fifteen years to life in state prison. (Doc. No. 1, at 1–2.) On April 26, 2010, Petitioner had a parole hearing before the Board. (Doc. No. 1-2, at 33.) The Board found that he was unsuitable for parole after reviewing his criminal history, conduct in prison, plans if paroled, psychological evaluation, and attitude toward his crime. (Doc. No. 1-2, at 33–63.)

On September 23, 2010, Petitioner filed a petition for writ of habeas corpus in the San Diego County Superior Court challenging the Board's parole denial. (Doc. No. 1-3, at 67.) The court found the Board's decision was "fully supported by the evidence" and denied the petition based on the California standard that requires "some evidence" that an inmate poses a threat to public safety. (Doc. No. 1-3, at 67, 70.) (citing In re Lawrence, 44 Cal. 4th 1181, 1212 (2008)). Petitioner then filed a petition for habeas corpus in the California Court of Appeal. (Doc. No. 1-3, at 77.) The court found that the Board's decision was based on "some evidence" and denied the petition on February 8, 2011. (Doc. No. 1-3, at 74.) On April 20, 2011, Petitioner filed a petition for habeas corpus in the California Supreme Court and the court denied it without comment. (Doc. No. 1-3, at 76.)

On July 29, 2011, Petitioner filed a petition for writ of habeas corpus in federal district court. (Doc. No. 1.) He claimed that the Board's denial of his parole (1) violated his due process rights and liberty interest in parole because "no evidence" supported the Board's decision, and (2) that the continued denial of his parole based on the nature of his crimes prior to incarceration changed his sentence to life without the possibility of parole. (Doc. No. 1-1, at 17.) Respondent argues in its Motion to Dismiss that Petitioner fails to state a claim because he "received an opportunity to be heard and reasons for the denial" of his parole, and that the "Constitution does not require more." (Doc. No. 4.) (citing Swarthout v. Cooke, 131 S. Ct. 859, 962 (2011) (per curiam)). In his Opposition, Petitioner argues that, although Swarthout ruled procedural due process review all that is required, review for substantive due process

violations is still available.[1]  (Doc. No. 6, at 4.)  On December 16, 2011, the magistrate judge submitted its Report and Recommendation that Petitioner's petition be dismissed because the Board provided him with an opportunity to be heard and provided him with the reasons for the denial of his parole, satisfying the Constitution's due process requirement according to Swarthout.  (Doc. No. 7, at 3.)

## Discussion

### I. Scope of Review and Applicable Legal Standard

District courts may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).  If a party objects to any portions of a magistrate judge's report, the district court "shall make a de novo determination of those portions of the report . . . to which objection is made." Id.  Federal courts may review petitions for writ of habeas corpus by persons in custody pursuant to a state court judgment "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Williams v. Taylor, 529 U.S. 362, 375 n.7 (2000).  As Petitioner filed this petition after April 24, 1996, it is governed by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA").  Section 2254(d) of the AEDPA provides the following standard of review:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim:
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  According to Williams, federal courts may grant habeas relief under the "contrary to" clause of section 2254(d)(1) if the state court either (1) "applies a rule that

---

[1] The case Petitioner cites in support of this argument, Hayward v. Marshall, 603 F.3d 546 (9th Cir. 2010), was reversed by the Supreme Court in Swarthout, 131 S. Ct. at 862. See Pearson v. Muntz, 639 F.3d 1185, 1190–91 (9th Cir. 2011 ).

contradicts the governing law set forth in [the Court's] cases" or (2) "confronts a set of facts that are materially indistinguishable from a decision of [the] Court and nevertheless arrives at a result different from [the Court's] precedent." 529 U.S. at 405–06. Relief is also available under section 2254(d)(2) if the factual findings used by the state court were objectively unreasonable. Miller-El v. Cockrell, 537 U.S. 322, 340 (2003).[2]

When prisoners challenge a parole denial on due process grounds, federal courts must determine whether the prisoner received procedural due process. The Supreme Court held in Swarthout that due process claims require a two-step inquiry. 131 S. Ct. at 861. Courts must first determine whether the person has been deprived of a valid liberty or property interest. Id. at 861–62 (holding that California law creates a liberty interest in parole but that there "is no right under the Federal Constitution to be conditionally released before the expiration of a valid sentence."). Once the court finds a protected liberty interest, it must determine whether the state followed constitutionally sufficient procedures. Id. at 863. Whether California's parole procedures were constitutionally sufficient depends not on whether they reasonably applied the "some evidence" standard according to California law, but whether the prisoner received adequate procedural due process. Id. at 816, 862. A prisoner receives procedural due process when he or she has an opportunity to be heard and has received a statement explaining the Board's parole denial. Id. at 862.

**II. The Parole Hearing Procedure did not Violate Procedural Due Process**

Petitioner claims that the Board violated his due process rights because no evidence supported the Board's decision that he remained a threat to public safety and that the California courts misapplied the "some evidence" standard. But Petitioner fails to allege violation of his procedural due process rights; it is clear from the record that the Board provided Petitioner with an opportunity to be heard and the reasons as to why his parole was denied. (Doc. No. 1-2, at 35–76; Doc. No. 1-3 at 1–76.) Petitioner was represented by counsel at the hearing in

---

[2] State court factual findings are presumed to be correct and the petitioner has the burden of rebutting these findings by clear and convincing evidence. See 28 U.S.C. § 2254(e)(1); Summer v. Mata, 449 U.S. 539, 545–47 (1981).

1  which the Board reviewed his criminal history, conduct in prison, attitude toward his crime,
2  and plans if parole were granted.  He had numerous opportunities to respond to the evidence
3  against him.  (Doc. No. 1-1, at 15)  The approximately one hundred page transcript of the
4  Board's parole hearing reflects a detailed analysis of the reasoning it provided to the Petitioner
5  for denial of his parole.  The hearing therefore satisfied the Supreme Court's standard for
6  procedural due process according to Swarthout.

7  **III. The Reasons for Parole Denial Did Not Violate Due Process**

8  Petitioner also argues that denial of his parole was based on his prior record in violation
9  of due process. (Doc. No. 1-1, at 17.) He argues that a parole decision violates the substantive
10 component of the Fourteenth Amendment's due process clause "if it is arbitrary and based on
11 no evidence whatsoever." (Doc. No. 6, at 4.)  Petitioner's argument is contradicted by the
12 record and the findings of the state court.  The California Court of Appeal reviewing
13 Petitioner's petition for habeas corpus cited to the parole hearing transcript to find that the
14 Board made an individualized inquiry into Petitioner's suitability for parole and that its
15 decision was supported by "some evidence." (Doc. No. 1-3, at 74.)  This evidence included
16 the psychological evaluation that described Petitioner as having "superficial insight into his
17 personality structure" and the Board's finding that Petitioner had only recently accepted
18 responsibility for his crimes.  The court also cited the Board's finding that Petitioner had only
19 recently and sporadically become involved in Narcotics Anonymous, as well as only recently
20 formulating a relapse prevention plan.  Finally, the court cited the Board's finding that
21 Petitioner had not obtained a trade despite having spent fifteen years in prison. (Doc. No. 1-3,
22 at 74.)  This Court gives deference to the state court's findings of fact from the parole hearing
23 transcript and finds them to be supported by the record.  See Lockyer v. Andrade, 538 U.S. 63,
24 75 (2003) (holding that federal courts may not "second-guess a state court's fact-finding
25 process unless, after review of the state-court record, it determines that the state court was not
26 merely wrong, but actually unreasonable").  Although the Board discussed the circumstances
27 surrounding Petitioner's crime, emphasizing that he failed to come forward while it remained
28

1  unsolved for close to nine years, the Board did not solely rely on Petitioner's past crimes as
2  he indicates in his petition.

3  Furthermore, Petitioner's claim that the Board changed his sentence to a life without the
4  possibility of parole is contradicted by the parole hearing transcript. The Board explained to
5  Petitioner that he did not require a "15 or ten year denial," but that he would be required to
6  serve "at least an additional three years of incarceration." (Doc. No. 1-3, at 58–59.)

7  The Court has given Petitioner the opportunity to file an opposition. In so doing, he has
8  addressed the merits of his parole hearing. As a result, the Court concludes that the Board's
9  parole hearing satisfied due process. Swarthout, 131 S. Ct. at 862.

## Conclusion

11  The United States Supreme Court in Swarthout held that prisoners receive adequate due
12  process when they have, at a minimum, an opportunity to be heard and a statement of reasons
13  why the Board denied parole. Petitioner was afforded due process during the parole hearing
14  in which he was represented by counsel, had multiple opportunities to be heard, and was given
15  a lengthy explanation with several reasons why his parole was denied. For the foregoing
16  reasons, the Court adopts the Report and Recommendation and grants the Respondent's Motion
17  to Dismiss. Alternatively, the Court denies Petitioner's petition for habeas corpus on the merits.

18  **IT IS SO ORDERED.**

19  Dated: January 17, 2012

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT