# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENE GUADALUPE TREVINO,<br><br>                    Petitioner,<br><br>vs.<br><br><br>MATTHEW CATE, SECRETARY, et al.,<br><br>                    Respondent. | CASE NO. 11-CV-01706-H (PCL)<br><br>**ORDER:**<br><br>**(1) DENYING PETITIONER'S REQUEST FOR CERTIFICATE OF APPEALABILITY;**<br><br>**(2) DENYING REQUEST FOR APPOINTMENT OF COUNSEL ON APPEAL; and**<br><br>**(3) GRANTING REQUEST TO PROCEED IN FORMA PAUPERIS ON APPEAL** |

On July 29, 2011, Petitioner Rene Guadalupe Trevino, a state prisoner proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a parole denial by the California Board of Parole Hearings. (Doc. No. 1.) On January 17, 2012, the Court issued an order denying the petition and adopting the magistrate judge's report and recommendation. (Doc. No. 9.) On February 13, 2012, Petitioner filed requests for a certificate of appealability, to proceed in forma pauperis on appeal, and for appointment of counsel. (Doc. No. 11.)

## I. Certificate of Apealability

According to the Federal Rules of Appellate Procedure, a petitioner may not seek an appeal of a claim arising out of state court detention unless the petitioner obtains a certificate of appealability from either the district judge or a circuit judge under 28 U.S.C. § 2253. See Fed. R. App. P. 22(b). Section 2253 states that a certificate of appealability may only issue if the petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(1). Where, as here, the Court has rejected the petitioner's constitutional claims on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

The Court concludes that Petitioner has failed to demonstrate that reasonable jurists would find the Court's assessment debatable or wrong. The Court **DENIES** Petitioner's motion for a certificate of appealability.

## II. Appointment of Counsel

Petitioner also requests counsel be appointed to represent him on appeal. There is no absolute right to appointment of counsel in habeas proceedings. Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996); Knaubert v. Goldsmith, 791 F.2d 722, 728 (9th Cir. 1986). However, 18 U.S.C. § 3006A(g) authorizes courts to appoint counsel in habeas proceedings if "the court determines that the interests of justice so require." Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986); Knaubert, 791 F.2d at 728; Bashor v. Risley, 730 F.2d 1228, 1234 (9th Cir. 1984). "In deciding whether to appoint counsel in a habeas proceeding, the district court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983) (per curiam).

The Court has already denied the petition on the merits and determines that the interests of justice do not require appointment of counsel. The Court therefore **DENIES** the request for appointment of counsel on appeal.

### III. In Forma Pauperis

Petitioner also requests to proceed in forma pauperis on appeal and has attached a declaration of his indigence to his notice of appeal. (Doc. No. 11.) The Court **GRANTS** Petitioner's request to proceed in forma pauperis on appeal. 28 U.S.C. § 1915(a).

**IT IS SO ORDERED.**

DATED: February 23, 2012

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT